**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 03-6282**

─────────────

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

    versus

ORTEZ ANTOINE PROPST,

                Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. Frank W. Bullock, Jr., District Judge. (CR-99-325; CA-01-176-1)

─────────────

Submitted: June 10, 2004         Decided: June 25, 2004

─────────────

Before WILLIAMS and MICHAEL, Circuit Judges, and HAMILTON, Senior Circuit Judge.

─────────────

Dismissed by unpublished per curiam opinion.

─────────────

Ortez Antoine Propst, Appellant Pro Se. Steven Hale Levin, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Ortez Antoine Propst seeks to appeal the district court's order accepting a magistrate judge's recommendation to deny relief on his motion filed under 28 U.S.C. § 2255 (2000), and a subsequent order denying his Fed. R. Civ. P. 59(e) motion. Because Propst's notice of appeal was received in the district court after the appeal period, we remanded the case to the district court and instructed the district court to obtain information regarding the timeliness of the filing under Fed. R. App. P. 4(c)(1)[*] and Houston v. Lack, 487 U.S. 266 (1988) (notice considered filed as of the date Appellant delivers it to prison officials for forwarding to the court).

On remand, the district court issued an order finding that Propst's appeal was not timely filed. An appellate court cannot disregard a district court's factual findings absent clear error. A finding is "clearly erroneous" when the reviewing court "is left with the definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948).

The district court entered its order denying Propst's motion for reconsideration on February 8, 2002. Pursuant to Fed.

_____

[*]Rule 4(c)(1) states that a prisoner's notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing, but that the inmate must use that system, if it exists, to receive the benefit of the rule.

R. App. P. 4(a), Propst's notice of appeal was due by April 9, 2002. Propst dated the certificate of service on his notice of appeal April 8, 2002; the court entered the notice of appeal on April 12, 2002. On remand, the Government filed an affidavit from Charles Darby, Inmate Systems Manager at FCI Ashland, that confirms that Propst was an inmate there at the relevant time. Darby also stated that special mail procedures for legal mail were in effect when Propst mailed his notice. He maintained, however, that Propst's notice of appeal was not processed through the special mail procedures designed for legal mail because the envelope containing the notice of appeal was not stamped with the stamp mark that it would have had if it were deposited in the box reserved for special mail. Darby concluded that the notice was placed in the unit's mail receptacle either on April 9, 2002, after mail was collected that day, or on Wednesday, April 10, 2002, before mail was collected on that day. Propst did not respond.

In light of the Government's submissions, the district court found that, although FCI Ashland had a system designed for legal mail at the time Propst's notice of appeal was mailed, Propst did not use that system to mail the notice. The court therefore concluded that Propst could not benefit from Fed. R. App. P. 4(c)(1) and deemed his notice of appeal filed the day it was received by the clerk, April 12. Because this date falls outside of the sixty-day appeal period, the court found that Propst's

notice of appeal was not timely filed.  We find that the district court did not clearly err in finding that Propst's notice of appeal was untimely.

Propst's failure to note a timely appeal or to obtain either an extension or a reopening of the appeal period leaves this court without jurisdiction to consider the merits of Propst's appeal.  See Browder v. Dir., Dep't of Corr., 434 U.S. 257, 264 (1978) (explaining that requirement of a timely notice of appeal is "mandatory and jurisdictional").  We therefore dismiss the appeal as untimely.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED